Filing # 122127422 E-Filed 02/26/2021 09:51:49 AM

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR CHARLOTTE COUNTY, FLORIDA
CIVIL DIVISION

ROHINI SINGH,

      Plaintiff,

v.                                             Case No.: 21000251CA

ALLEGIANT AIR, LLC, a foreign
limited liability company,

      Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, ROHINI SINGH, by and through her undersigned counsel, and sues the Defendant, ALLEGIANT AIR, LLC, a foreign limited liability company, and alleges the following:

## JURISDICTION

1. This is an action for damages in excess of thirty thousand dollars ($30,000.00) excluding interest and costs.

2. At all times material hereto, Plaintiff, ROHINI SINGH (hereinafter "SINGH"), was a resident of Charlotte County, Florida.

3. At all times material hereto, Defendant, ALLEGIANT AIR, LLC, (hereinafter "ALLEGIANT"), is and was a foreign limited liability company, registered and authorized to conduct business in the state of Florida, and which regularly conducts business in Charlotte County, Florida.

4. Defendant ALLEGIANT is an employer as defined by the laws under which this action is brought and employs the required number of employees.

1

## ADMINISTRATIVE PREREQUISITES

5. All conditions precedent to bringing this action have occurred.

6. SINGH timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") regarding the acts complained of herein, a copy of which is attached hereto as Exhibit "A."

7. More than 180 days have passed since the filing of those charges with no determination as to cause having been issued by the investigating agency.

## GENERAL ALLEGATIONS

8. SINGH began her employment with ALLEGIANT on or around July 2007, with the last position held as General Manager at ALLEGIANT's Punta Gorda, Florida location.

9. Up until January 2018, SINGH was a valued employee of ALLEGIANT and received positive reviews and performance evaluations.

10. In or around January 2018, ALLEGIANT hired a new Regional Manager, Tony Grantham, who became SINGH's Supervisor.

11. Immediately after Mr. Grantham was hired, he began denigrating SINGH by making outrageous derogatory comments about her national origin, race and age in an effort to get SINGH to resign from her position.

12. The derogatory comments and behavior made by Grantham were made until her termination. Some examples include, but are not limited to, the following:

   a. Grantham would constantly and repeatedly disparage and belittle SINGH's accent and ask her if she understood the English language;

   b. Grantham would repeatedly ask SINGH if it was a "cultural" thing (referring to her written and verbal communications in performing her job);

    c.    Grantham would repeatedly ask SINGH when she would be retiring;

    d.    Grantham would belittle and demean SINGH constantly by asking her whether she "got it" when communicating with her in such a manner as to cause her embarrassment and humiliation in front of her business peers;

    e.    Grantham eventually told SINGH that it was time for her to retire and collect her retirement badge.

13. SINGH began complaining and reporting the harassing and discriminatory comments made to her by Grantham, however, no investigation into SINGH's complaints was ever performed, nor was Grantham ever disciplined for his conduct toward SINGH.

14. On or about March 7, 2019, after SINGH repeatedly complained about Grantham's treatment and discriminatory comments toward her, Grantham advised SINGH that she was the subject of a company investigation and suspended her.

15. Plaintiff returned to work on March 14, 2019 and on or about March 19, 2019, Grantham again asked SINGH whether she would be retiring.

16. Throughout April 2019, SINGH was subjected to more derogatory comments about her national origin (by the use of her spoken English language), race and age by Grantham.

17. On or about April 26, 2019, SINGH was advised by Anna Mortimer and Mr. Grantham that her performance was below standard and that she should resign and collect her retirement badge from Allegiant.

18. On or about May 5, 2019, SINGH again reported to the Vice President of Human Resources her concerns of age, national origin and race discrimination and retaliation she was experiencing from Grantham.

19. On May 8, 2019, SINGH was terminated by Adrianna Ramirez and Tony Grantham. The paperwork presented wrongly identified SINGH's termination as a resignation effective June 1, 2019.

## COUNT I
## FCRA - NATIONAL ORIGIN

20. SINGH realleges and adopts the allegations stated in Paragraphs 1 – 19.

21. SINGH is a member of a protected class under the Florida Civil Rights Act.

22. By the conduct described above, ALLEGIANT engaged in unlawful employment practices and discriminated against SINGH on account of her national origin in violation of the Florida Civil Rights Act (FCRA).

23. ALLEGIANT knew or should have known of the discrimination.

24. As a result of ALLEGIANT's unlawful discrimination, SINGH has suffered and continues to suffer damages.

25. WHEREFORE, SINGH prays for the following past and future damages against ALLEGIANT:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotion pain and suffering;

    e. For costs and attorney's fees;

    f. For any other relief this Court deems just and equitable.

## COUNT II
## FCRA - AGE DISCRIMINATION

26. SINGH realleges and adopts the allegations stated in Paragraphs 1 – 19.

27. SINGH is a member of a protected class under the Florida Civil Rights Act.

28. By the conduct described above, ALLEGIANT engaged in unlawful employment practices and discriminated against SINGH on account of age in violation of the Florida Civil Rights Act.

29. ALLEGIANT knew or should have known of the discrimination.

30. As a result of ALLEGIANT's unlawful discrimination, SINGH has suffered and continues to suffer damages.

31. WHEREFORE, SINGH prays for the following past and future damages against ALLEGIANT:

   a. Back pay and benefits;

   b. Interest on back pay and benefits;

   c. Front pay and benefits;

   d. Compensatory damages for emotion pain and suffering;

   e. For costs and attorney's fees;

   f. For any other relief this Court deems just and equitable.

## COUNT III
## FCRA - RACE DISCRIMINATION

32. SINGH realleges and adopts the allegations stated in Paragraphs 1 – 19.

33. SINGH is a member of a protected class under the Florida Civil Rights Act.

34. By the conduct described above, ALEGIANT engaged in unlawful employment practices and discriminated against SINGH on account of her race in violation of the Florida Civil Rights Act.

35. ALLEGIANT knew or should have known of the discrimination.

36. As a result of ALLEGIANT's unlawful discrimination, SINGH has suffered and continues to suffer damages.

37. WHEREFORE, SINGH prays for the following past and future damages against ALLEGIANT:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotion pain and suffering;

    e. For costs and attorney's fees;

    f. For any other relief this Court deems just and equitable.

## COUNT IV
## FCRA – RETALIATION

38. SINGH realleges and adopts the allegations stated in Paragraphs 1 – 19.

39. SINGH suffered an adverse employment action for opposing an employment practice made unlawful by Florida Statutes Chapter 760.

40. The above described acts of retaliation constitute a violation of Florida Statutes Chapter 760 for which ALLEGIANT is liable.

41. As a result of ALLEGIANT's unlawful retaliation, SINGH has suffered and continues to suffer past and future damages.

42. WHEREFORE, SINGH prays for the following past and future damages against ALLEGIANT:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages;

e. Pecuniary and non-pecuniary losses;

f. Costs and attorney's fees; and

g. For any other relief this Court deems just and equitable

## PUNITIVE DAMAGES

SINGH hereby reserves the right to amend this Complaint to allege punitive damages upon the filing of record evidence pursuant to Fla. Stat. 768.72.

## DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiff, ROHINI SINGH, demands a trial by jury and judgment against Defendant, ALLEGIANT AIR, LLC, for an amount within the jurisdictional limits of this Court, to wit: More than Thirty Thousand ($30,000.00) Dollars, plus costs, and for such other relief to which SINGH may be entitled.

DATED this 26 day of February, 2021.

FLORIN ROEBIG, P.A.

_____

THOMAS D. ROEBIG, JR., ESQUIRE
Florida Bar No.: 0651702
✓ **PARKER Y. FLORIN, ESQUIRE**
Florida Bar No.: 0127139
**TAYLOR D. ROEBIG, ESQUIRE**
Florida Bar No.: 1002817
Primary Email: TDR@FlorinRoebig.com
Secondary Email: PFlorin@FlorinRoebig.com
Lisa@FlorinRoebig.com
777 Alderman Road
Palm Harbor, Florida 34683

Telephone No.: (727) 786-5000
Facsimile No.: (727) 772-9833
Attorneys for Plaintiff

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA ☒ EEOC | 510-2020-01440 |

State or local agency, if any: **Florida Commission On Human Relations and EEOC**

| Name (Indicate Mr., Mrs., Ms.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Rohini Singh | (209) 818-1635 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
| 7476 Mikasa Dr. | Punta Gorda, FL 33950 | 03/21/1967 |

NAME OF THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one, list below)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include area code) |
|---|---|---|
| Allegiant Air, LLC | 4000 | (702) 505-8888 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| 1201 North Town Center Drive | Las Vegas, NV 89144 | Clark |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))   DATE DISCRIMINATION TOOK PLACE

RACE ☒   COLOR ☐   SEX ☐   RELIGION ☐   NATIONAL ORIGIN ☒
RETALIATION ☒   AGE ☒   DISABILITY ☐   OTHER (Specify _____)

EARLIEST: 1/2019   LATEST: 05/08/2019

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s))

I: **PERSONAL HARM:** I began my employment with Allegiant Air in July 2007, and served as a General Manager. In January 2018, Tony Grantham, a new Regional Manager was put in place overseeing me. Throughout the time he supervised me, Mr. Grantham would repeatedly denigrate me about my accent and ask me if I understood the English language and ask me if was a "cultural thing". He also frequently questioned when I would be retiring, such as by telling me I should "be retired and enjoying life."

In 2018 I began voicing my concerns about Mr. Grantham's treatment towards me but nothing was done to address or alleviate my concerns.

In March 2019 I voiced my concerns to VP of Accounting, Greg Anderson, who then spoke with my VP, Kenny Wilper. Shortly after this, I began to be retaliated against.

On March 7, 2019, I was told by Mr. Grantham that I was suspended pending an investigation. He also told me that it would be in my best interest to retire as he was not happy with me. He continued to question whether I understood English and when I would "get it" and that he "wants me out." I returned to work on March 14, 2019, after the investigation. On March 19, 2019, Mr. Grantham asked me again if I planned to retire.

Through April, 2019, this questioning of when I was going to retire and my language persisted.

On April 26, 2019, I was advised by Anna Mortimer and Mr. Grantham that my performance was below standard and that I should resign and collect my retirement badge from Allegiant.

On May 5, 2019, I reported my concerns of age discrimination, national origin and race discrimination and retaliation to the VP of Human Resources at Allegiant. On May 8, 2019, I received a call from Adrianna Ramirez and Tony Grantham stating that they were releasing me from my duties. The paperwork presented wrongly identified my termination as a resignation effective June 1, 2019.

II: **RESPONDENT'S REASON FOR ADVERSE ACTION:** I was told I was terminated for lack of performance on May 8, 2019, three days after reporting my concerns of age, national origin and/or race discrimination and retaliation.

III: **STATEMENT OF DISCRIMINATION:** I believe I was discriminated against because of my age, race

and/or national origin in violation of the Florida Civil Rights Act, as well as the Age Discrimination in Employment Act of 1967 and Title VII of the Civil Rights Act of 1964. I also believe I was retaliated against for objecting to the discriminatory treatment based on the above.

☒ I want this charge filed with both the EEOC and the State or local agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.
I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
I declare under penalty of perjury that the foregoing is true and correct.

NOTARY - (When necessary for State and Local Requirements)
SIGNATURE OF COMPLAINANT SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE

NOTARY PUBLIC:

SIGN: _____

PRINT: _____
State of Florida at Large (SEAL)

11-19-2019    _RLS_____
DATE            CHARGING PARTY (Signature)
EEOC FORM 5 (Rev. 06/92)

# ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of Stanislaus )

On 11/19/2019 before me, Arielle Compton, Notary Public
(insert name and title of the officer)

personally appeared Rohini Singh,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature Compton      (Seal)

ARIELLE COMPTON
COMM.# 2305483
NOTARY PUBLIC - CALIFORNIA
STANISLAUS COUNTY
My Comm. Expires Sep. 16, 2023